### DRUCKER *v.* DUTCHER ET AL.

(Decided July 15, 1929.)

*Messrs. Andrews, Andrews & Rogers, Mr. Albert L. Weinstein* and *Mr. W. Donald Hall,* for plaintiff in error.

*Mr. Harry S. Wonnell,* for defendant in error Insurance Company.

Ross, J. This case comes into this court on error from the court of common pleas of Butler county, Ohio, wherein a judgment was rendered in favor of the defendants in error, James H. Dutcher and the Travelers' Insurance Company, defendants below.

Plaintiff in error, Bessie Franklin Drucker, filed a suit against James H. Dutcher, for damages received by reason of the negligent operation of an automobile by Dutcher, and, on October 16, 1924, judgment was entered in her favor against him in the sum of $1,000.

She then commenced an action under Section 9510-4, General Code, against the Travelers' Insurance Company, to collect said judgment, by reason of a policy of insurance alleged to have been issued by the Travelers' Insurance Company to said Dutcher, covering the automobile which inflicted the damage. The accident occurred on October 13, 1923.

The answer of the insurance company was a general denial.

The record shows that Dutcher went to the office of John W. Krauth, an insurance broker, to inquire about public liability insurance on certain automobiles he was operating, and that Krauth, not being a general agent of the Travelers' Insurance Company, but only a broker, took his application for said insurance and forwarded same to the Travelers' Insurance Company on his behalf. It being necessary for Dutcher to be covered with insurance in order to get his license from the city of Hamil-

ton, an employee of Krauth wrote the following letter upon the letterhead of Krauth, which letterhead indicates that he was agent for the Royal Insurance Company. The letter reads:

"ROYAL INSURANCE COMPANY,
"Western Department, Chicago,
"J. W. Krauth, Agent.
"11 So. Front St., Hamilton, Ohio.
September 8, 1923.

"To whom It May Concern:

"The bearer Mr. J. H. Dutcher has this date been covered for public liability and property damage insurance in the Travelers Insurance Company of Hartford, Conn. Liability coverage $10,000—$20,-000 limits and property damage $1,000. This is to cover on two Studebaker cars motor numbers EK 3454 and EK 20779.

"J. W. Krauth, Agent.
"Per E. M. Mick."

The city being satisfied with this letter, he later on received the license to operate the automobile; the city of Hamilton deeming said letter sufficient coverage. The Travelers' Insurance Company executed the policies and sent them to Krauth, with instructions that, if he delivered them, he would be responsible for the premium.

Dutcher never paid the premiums, and the policies were never given to him by Krauth.

The policies were ultimately returned to the insurance company, but there is no evidence indicating when this was done. They were not produced in evidence; it being indicated that they had been destroyed.

The case was tried to the court without the inter-

vention of a jury, and, at the close of the testimony of the plaintiff below, the insurance company moved for judgment on the merits, which was granted; judgment being entered accordingly.

It is the contention of the insurance company that there never was a contract of insurance between Dutcher and the company for the following reasons: That the policies of insurance were delivered to Krauth with the stipulation that, if he delivered them, he would be responsible for the premiums; that he held them and returned them to the insurance company; that Dutcher failed to pay the premiums; and that there was no delivery of the policies. It is also contended that the binder was ineffective, because Krauth was a broker and not an agent of the insurance company.

The whole question in this case depends upon the character of the relation Krauth bore to the respective parties at the time of the transactions included in the record.

It is true that the same individual may be an insurance agent and an insurance broker; he may represent an applicant for insurance or he may represent an insurance company at different times.

It is the urgent contention of counsel for the insurance company that the evidence shows that Krauth acted in this case as an insurance broker. In this conclusion we agree.

While Krauth testified in the earlier part of his testimony that he was agent for the Travelers' Insurance Company, it later appears from his testimony that he was not such agent in writing liability insurance on automobiles. The office of the company authorized to do this was at Dayton.

Krauth stated in answer to a question:

"Q. Did you have any agency contract with the Travelers' Insurance Company, or did you just write as a broker? A. I don't think I had an agency contract with the Travelers. My recollection is that I did not have."

He further answered:

"Q. And any business that you wrote for the Travelers Insurance Company in what relation did you write it? A. As a broker."

Again:

"Q. What authority did you have in applications or in matters of insurance of automobiles against public liability in the Travelers Insurance Company? A. To submit applications for their approval and issuance.

"Q. Did you have any authority to write any policy for the Travelers Insurance Company? A. No, sir."

He further testified:

"Q. Don't you know that the Travelers Insurance Company only issues policies for public liability for automobiles from either their home office or their Dayton office? A. Yes, sir.

"Q. You issued none of those kind of policies? A. No, sir."

It is evident, therefore, that Krauth was a broker, and that, when Dutcher came to his office and requested liability insurance, Krauth represented him (Dutcher) in securing the same, and was Dutcher's agent for such purpose.

The record shows that the policies were executed by the insurance company and delivered to Krauth. He says: "The Travelers Insurance Company, at

my request, and, after their inspector had written on these two particular Studebaker cars, issued policies on this condition, that since they knew nothing of the financial standing of this man Dutcher, that I was to be held responsible for the premiums. They were sent to my office.''

The delivery by the insurance company of these policies to Krauth, Dutcher's agent, we hold, under this evidence, was unquestionably a delivery of the policies to Dutcher, and they were therefore unquestionably in force and effect at the time of said delivery.

An ''insurance broker'' is defined in 9 Corpus Juris, 509, Section 5: ''An insurance broker is one who acts as middleman between the insured and the insurer; one who solicits contracts from the public under no employment from any special company, but, having secured an order, places the insurance with the company selected by the insured or, in the absence of any selection by him, then with the company selected by such broker.''

''Insurance broker'' is also defined in 32 Corpus Juris, page 1054, Section 129: ''An insurance broker, like other brokers, is primarily the agent of the person who first employs him, and, therefore, an insurance broker or agent employed to procure insurance for another, ordinarily is not the agent of the company, and owes no duty to it; but is the agent of the insured as to all matters within the scope of his employment, and acts or knowledge of such broker or agent will be binding on or imputed to insured and not to the company. In the absence of statute such broker or agent is the agent of insured, even though he solicits the insurance, or the policy

is delivered to him, and he collects the premium as agent of the company; and even though he receives his compensation from the company or its agent."

It is claimed that the policies were returned before the liability attached. Krauth testified: "I cannot tell at this time when those policies were returned."

And again: "The policies were held in my office I can't say how long."

He was asked: "Q. Do you know how long it was in the office?"

His answer was: "A. No, I can't say."

His clerk also testified to the same effect.

There is nothing, therefore, in the record to indicate that these policies, in effect upon delivery to Krauth, were not in force and effect at the time of the accident and at the time of the judgment against Dutcher.

It is urged by counsel for the defendants in error that the plaintiff below endeavored to straddle the issues. The record to a certain extent justifies such a position, for, if Krauth was an agent of the Travelers' Insurance Company, then the action of his office, in executing the binder, followed by the delivery of the policies to him, might amount to such an authority by way of ratification that the insurance company would be estopped to deny his authority.

There is, however, nothing in the record to show that Krauth had the authority to issue binders, and the effect of the evidence is to the contrary. It is not necessary, in our view of the case, to pass upon the effect of this binder.

Under the evidence introduced, the liability of the

insurance company can be predicated upon the execution of the policies and the delivery of same to a broker, who was acting as agent for the applicant for insurance, Dutcher.

For the reasons given, the judgment of the court of common pleas of Butler county, Ohio, is reversed.

*Judgment reversed and cause remanded for a new trial.*

CUSHING, P. J., and HAMILTON, J., concur.