STREDELMAN *v.* CITY OF CINCINNATI ET AL.

(Decided March 10, 1930.)

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for plaintiff.

*Mr. John D. Ellis,* city solicitor, and *Mr. Milton H. Schmidt,* for defendants.

Ross, J.  This case comes into this court on appeal from the court of common pleas of Hamilton county, Ohio.

The petition alleges that the plaintiff is a duly appointed, qualified, and licensed insurance agent of a number of nonresident insurance companies.  That the city authorities, the defendants, are about to enforce an occupational tax against him under an ordinance, portions of which are as follows:

"Insurance Companies, Agencies, Firms, Associations, or Insurance Solicitors (Fire, Wind, Cyclone,

Tornado, Plate Glass, Burglary, Automobile, Casualty, etc.)

"Every person, association of persons, firm, agency, company, corporation or insurance solicitor engaged in the business of selling, soliciting or negotiating the sale of all forms of health, accident, fire, wind, cyclone, tornado, plate glass, burglary, casualty, automobile and other forms of insurance, except life insurance, including the soliciting of surety bonds, maintaining an office or place of business in the city of Cincinnati, the expense of which is not borne by a foreign corporation engaged in the business of selling, soliciting or negotiating such insurance, which shall have complied with Section 5432 *et seq.,* General Code of Ohio, shall be taxed as follows:

"Class 1. No employee, fifteen dollars ($15.00) per annum.

"Class 2. One or more employees, or members of such firm, association of persons, agency, corporation, or company or insurance solicitor engaged in the selling or soliciting or negotiating the sale of the forms of insurance listed in this paragraph, for each such, in addition to the tax levied in Class 1, of this paragraph, the sum of fifteen dollars ($15.00) per annum.

"Class 3. One or more employees who are not engaged in the selling or soliciting or negotiating the sale of forms of insurance as listed in this paragraph, for each such, in addition to the tax levied in Class 1 and Class 2 of this paragraph, the sum of two dollars ($2.00) per annum."

"Section 812-10. Any person, association of per-

sons, firm or corporation carrying on such trade, profession, occupation or business in said city, without having paid the tax herein provided for, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in a sum not less than five dollars ($5.00) nor more than one hundred dollars ($100.00) for each offense. A conviction hereunder shall not excuse or exempt such person, association of persons, firm or corporation from the payment of any tax or penalty due and unpaid at the time of such conviction nor from liability in any civil action for such delinquent tax or penalty. Each day that any person, association of persons, firm or corporation, carrying on such trade, profession, occupation or business in said city without having paid the tax herein provided, shall be and constitute a separate violation of this ordinance."

"Section 812-11. The agent or agents of nonresident proprietors engaged in any trade, profession, occupation or business on which a tax is levied in this ordinance on behalf of such non-resident proprietors, shall be liable for the taxes levied herein and the penalties thereon, the same as if they were themselves proprietors."

The petition further alleges that the plaintiff transacts no other insurance business in the city of Cincinnati than that of acting as agent for foreign insurance companies; that the plaintiff is compensated for his services as such agent by an allowance to him of a commission at a state rate per cent. of the net premiums on the insurance written by him as such agent for such foreign companies; and that the plaintiff has an employee, engaged in assisting

him as a solicitor, and that said foreign insurance companies under the provisions of the General Code of Ohio pay a large tax to the state and are licensed for the right to do business therein.

An injunction is prayed for against the enforcement of the tax.

A supplemental petition was filed, alleging that all of the said taxes and assessments sought to be enforced by the defendants are unlawful, in tnat the ordinances of the city of Cincinnati and the acts of the defendants are in violation of the Constitution of the state of Ohio and of the United States of America, in that they purport to be an exercise of power by the city of Cincinnati, contrary to the provisions of the Constitution of Ohio, and in that they deny to the plaintiff the equal protection of the laws of the state of Ohio.

An answer was filed by the city, admitting the passage of the ordinance, the taxes sought to be enforced, and that the foreign insurance companies are taxed and licensed by the state of Ohio, as alleged. As to all other matters, the answer is a general denial.

The evidence shows that the plaintiff is not only engaged in the business of acting as an insurance agent for a number of foreign insurance companies, but also is engaged in the business of an insurance broker, and that when acting in such latter capacity he accepts applications for insurance which he places with other insurance agents. When acting in such latter capacity, as held by this court in the case of *Drucker* v. *Dutcher,* 33 Ohio App., 253, 169 N. E., 311, paragraphs 1 and 2 of the syllabus, he

acts as agent for the insured. If the facts had shown that the agent's business was confined to representing foreign insurance companies alone, it is our opinion that the tax could not be enforced, under the decision in the case of *City of Cincinnati* v. *American Tel. & Tel. Co.,* 112 Ohio St., 493, 147 N. E., 806, as the tax upon the agent's occupation would be an indirect tax upon the foreign corporation, a field of taxation which has been preempted by the state. However, the rule laid down in that case is not applicable to the business of an insurance broker, representing various individuals applying for insurance.

For these reasons, the injunction will be denied, and the petition dismissed.

*Injunction denied and petition dismissed.*

CUSHING, P. J., and HAMILTON, J., concur.

ON REHEARING.

(June 2, 1930.)

Ross, J. A rehearing was granted in this case for the purpose of developing the exact nature of the business of plaintiff, particularly as to the business coming to him unsolicited, which he placed with other agents.

On the first consideration of the case, the court was greatly impressed with the following testimony of the plaintiff:

By Mr. Kohl:

"Q. Your name is William Stredelman, and you are the plaintiff in this action? A. I am.

"Q. Engaged in the insurance business in the City of Cincinnati, First National Bank Bldg.? A. I am.

"Q. And you have been so engaged for many years last past? A. Yes, sir.

"Q. You were so engaged in business on December 1, 1926, were you not? A. I was.

"Q. Now what is the character of business that you are conducting, Mr. Stredelman? A. Principally fire insurance.

"Q. You are an underwriter in the sense that you assume the risk? A. I assume the risk."

This evidence, coupled with the facts that the plaintiff exercises his judgment in the allocation of risks among his several companies, that he pays the occupational fee, that he stands the loss if an assured refuses to pay, that he has an independent organization, office, and employees wholly outside the control of the foreign insurance companies represented by his agency, which expense he pays, is strong proof that he is conducting a business of his own independent of the business of his several principals.

As against this, in the first hearing of the case, it was in evidence that the companies, all of them foreign to the state of Ohio, paid the state tax and also secured the licenses and permits required by plaintiff and his solicitors to do business in the state of Ohio.

On this second hearing it appears that the plaintiff not only represents the foreign companies as above, but that some considerable portion of his business is in placing policies through agents repre-

senting other companies, and that in this business he splits the commission. He testifies: "A. Well, quite frequently customers of mine give me lines which my companies are full on, or they will cover only a certain line and there is a surplus. That surplus I take to my fellow agents and ask them if they can write it, and they specify the company. Of course sometimes it is a risk that my companies will not write; take for instance a rag warehouse. I will take it to my fellow agents; I will say 'I have a rag warehouse here for Smith; can you write it in one of your companies; will your company accept it?' If he says 'Yes' then I give him the business."

It must always be a question of fact whether the insurance agent or agency is engaged in his own business, or is only in a purely representative capacity engaged in the business of his principal or principals, and a part of the organization of the principal or principals, who pay a tax to the state, exempting the agent or agency as an integral part of such organization.

We hold that the additional evidence presented at the second hearing is in our opinion sufficient, with the evidence above noted, to show conclusively that the plaintiff is engaged in a business of his own within the terms of the ordinance, and that the relation of agency to the foreign companies is merely incidental to that business, and does not define or limit it.

So viewing the matter, we adhere to our original decision, but for the reasons herein set forth.

The injunction will be denied, and the petition dismissed.

*Injunction denied and petition dismissed.*

CUSHING, P. J., and HAMILTON, J., concur.