## INVALIDITY OF MUNICIPAL LICENSE FEES ON AUTOMOBILE USED FOR PLEASURE.

Court of Appeals for Butler County.

W. C. CRANE ET AL v. THE CITY OF MIDDLETOWN, JACOB F. HEER, MAYOR, AND ANDREW MEHL, CHIEF OF POLICE.

Decided, January, 1915.

*Municipal Corporations—License Fees for Use of Streets by Vehicles— Automobiles Used for Pleasure Can Not be Included—Section 3632.*

No power has been delegated to municipalities by the General Assembly which authorizes the enactment of an ordinance requiring the owner of an automobile to pay a license fee to the city, in addition to the license paid to the state as fixed by statute, as a condition precedent to his use of a car on the streets for pleasure riding, and an ordinance imposing such a license fee is invalid.

*B. F. Harwitz,* for plaintiff in error.
*W. G. Palmer,* City Solicitor, contra.

JONES (O. B.), J.; SWING, P. J., and JONES (E. H.), J., concur.

The question to be determined is the validity of the ordinance of the city of Middletown known as Ordinance No. 461 to license and regulate the use of the streets of the city of Middletown, Ohio, by persons who use vehicles, passed July 11, 1912, so far as it requires the owner of an automobile to pay a license fee to the city in addition to the license paid to the state as fixed by statute, before he can use the streets of the city for pleasure.

The city claims the power to impose such a license by ordinance passed under authority of Section 3632, General Code. This section, which is one of the sections of the municipal code enumerating the general powers of municipalities, is made up of several clauses separated by semi-colons. It reads as follows:

"To regulate the use of carts, wagons, hackney coaches, omnibuses, automobiles, and every description of carriages kept for

hire or livery stable purposes; to license and regulate the use of the streets by persons who use vehicles, or solicit or transact business thereon; to prevent and punish fast driving or riding of animals, or fast driving or propelling of vehicles through the public highways; to regulate the transportation of articles through such highways and to prevent injury to such highways from overloaded vehicles, and to regulate the speed of inter-urban, traction and street railway cars within the corporation.''

The first clause authorizes cities ''to regulate the use of carts'' and other enumerated vehicles (among which are specifically included ''automobiles'') ''kept for hire or livery stable purposes.'' This clause can not apply to plaintiffs, as their automobiles are used only for pleasure by the owners and are not kept for hire or livery.

The next clause is the one on which defendant city must rely for the power claimed. It is as follows: ''to license and regulate the use of the streets by persons who use vehicles, or solicit business thereon.''

It will be observed that its meaning is not clear. To give it the broad meaning contended for by defendant would require the elimination of the words ''or solicit or transact business,'' and would permit the requiring of a license from all who use vehicles on the streets regardless of that use, or, giving these words a separate meaning, would provide three classes to be licensed; those who use vehicles on the streets, those who solicit business on the streets, and those who transact business thereon. In the opinion of the court these words were intended to provide for but one class, those who use vehicles on the street for the purpose of soliciting or transacting business.

The subject of city vehicle licenses has been recently before the Supreme Court in cases of *Pegg* v. *Columbus*, 80 O. S., 367; and *Frisbie* v. *Columbus*, 80 O. S., 686.

In the first case it was held that a license will not be imposed upon non-residents of the city who use vehicles on its streets for the purposes of pleasure or their own private business and not for hire. This is a well considered case, and while it only decided the question of the validity of the ordinance as to non-

residents, the reasons given in the opinion would seem to apply equally to residents of the city.

The second case raised the question of the validity of the ordinance of the city of Columbus providing for vehicle licenses only as far as it applied to motor vehicles. The court held that the ordinance was annulled as to motor vehicles by the act found in 98 Ohio Laws, 320, and was not revived by its repeal by the act found in 99 Ohio Laws, 538. It failed to decide whether municipalities since the last named act might regulate and license automobiles.

It is contended that the General Assembly having, by general laws contained in Part Second, Title II, Chapter 21, of the General Code (Sections 6290 to 6310), undertaken to declare a general policy for the regulation of motor vehicles and to provide a state license, it has thereby withdrawn the power of a municipality to make any other regulation or to demand any further license. This clearly would not be the case in regard to a proper municipal ordinance under G. C. 3632, requiring a license for the use of automobiles kept for hire or livery purposes.

The strongest objection, however, to the validity of the ordinance under consideration is that it fails to impose any regulations whatever in regard to the use of the streets except the provision that as a prerequisite to their use the license fee must be paid. The ordinance provides an elaborate scale of fees for many classes of vehicles, fixes the time when due and payable, provides that the mayor shall issue the licenses and tags for the same, how these tags of different colors shall be numbered and displayed, and how licenses may be transferred. It exempts vehicles owned by non-residents which are transients on the streets and not used for hire. It provides that the owner of any vehicle, or any person who uses or even rides in any vehicle on the streets of the city, not properly licensed and taxed, shall be guilty of a misdemeanor, and prescribes the penalty, fixing a fine not to exceed fifty dollars and costs. It provides that the money arising from such license fees shall be paid into the city treasury, and after first paying expenses for printing licenses,

tags, etc., the residue shall be used for equipment and machinery to repair the streets of the city, and for the actual repair of said streets.

It is clear on its face that the ordinance was passed purely as a revenue measure. Its purpose evidently was to levy a special tax on those who use the streets of the city. Such a tax, under whatever name it may be called, can not be upheld because it expressly violates Article XII, Section 2 of the Constitution. *Mays* v. *Cincinnati,* 1 O. S., 269; *Chicago* v. *Collins,* 175 Ill., 445.

In this latter case the right of the general public to travel upon the public streets of a city is so well expressed in the opinion of the court, commencing on page 455, in the words which are quoted by Price, J., in *Pegg* v. *Columbus,* 80 O. S., at 391, that we call special attention to them.

The question of the power of the state in respect to automobile licenses has been fully discussed by Kinkead, J., in two decisions in *Janes* v. *Graves,* 15 N.P.(N.S.), 17 and 193. Many authorities are there collected and considered. This decision was affirmed, with some modification, by the court of appeals, 18 C.C.(N.S.), 488. That case involved the consideration of the amendments to the motor vehicle law found in 103 O. L., 763, and sections thereby found invalid have been since amended.

For the purposes of this case it is not necessary to consider the extent of the power of the General Assembly in providing for vehicle licenses. It is sufficient to say that no power has been delegated by it to municipalities to enact an ordinance such as that under consideration here. And for the reasons given, this ordinance of the city of Middletown must be held to be illegal and invalid; and the court of common pleas erred in sustaining the demurrer to the petition and entering judgment for the defendants.

The judgment is therefore reversed and the cause remanded for further proceedings.