The plaintiff in each case contends: First. That the tax violates Section 1 of the Fourteenth Amendment to the Constitution of the United States, which provides, "Nor shall any state deprive any person of life, liberty, or property, without due process of law." We are content, as were the courts below, to dispose of this question upon the authority ofSouthwestern Oil Co. v. Texas, 217 U.S. 114, 30 S.Ct., 496,54 L.Ed., 688, where it was held:
"Except as restrained by its own or the federal *Page 171 
Constitution, a state may prescribe any system of taxation it deems best; and it may, without violating theFourteenth Amendment, classify occupations, imposing a tax on some and not on others, so long as it treats equally all in the same class."
The second contention is that the tax contravenes Section 1
and Section 2 of Article II of the Constitution of Ohio:
"Section 1. The legislative power of the state shall be vested in a general assembly. * * *
"Section 2. Senators and representatives shall be elected biennially by the electors of the respective counties or districts."
The question here made has been fully considered and determined by this court in the case of State ex rel. Zielonka
v. Carrel, Auditor, 99 Ohio St. 220, 124 N.E. 134, wherein this court declared:
"1. The state of Ohio, under the provisions of Section 10, Article XII of the Constitution, has authority to levy excise taxes in the form of an occupational tax.
"2. Under the grant of power of local self-government provided for in Section 3, Article XVIII of the state Constitution, the city of Cincinnati, as long as the state of Ohio, through its General Assembly, does not lay an occupational tax on businesses, trades, vocations and professions followed in the state, may raise revenue for local purposes, through the instrumentality of occupational taxes.
"3. The ordinance of the city of Cincinnati providing that an annual tax shall be laid upon all persons, associations of persons, firms, and corporations *Page 172 
pursuing any of the trades, professions, vocations, occupations and businesses therein named, is a valid exercise of the legislative power of such city."
In that case the corporation taxed was a manufacturer of bottles and glassware articles and the person taxed was an osteopathic physician. That case was approved and followed by this court in the case of Globe Security Loan Co. v. Carrel,Aud., 106 Ohio St. 43, 138 N.E. 364, and other cases reported therewith.
It is not contended here that there is any difference in principle between the taxing of the occupation of a manufacturer of bottles and glassware articles, and the taxing of the occupation of the Marion Foundry Company, the contention here being, however, that the taxing of the occupation of the Marion Foundry Company a specified sum plus a sum equal to $2 for each employee amounts to dividing its occupation into component parts and taxing the occupation as a whole, and again taxing the occupation by taxing its component parts; in this instance the taxing of its occupation of employing labor, which it had theretofore taxed as a part of the occupation of the foundry company. The contention, however, is not borne out by the provisions of the ordinance. The ordinance provides for a tax of $100 upon the Marion Foundry Company, "with an additional tax of $2 for each person employed by and working therefor," the ordinance specifically declaring that the "number of employees is used solely as a unit of measurement to determine the amount of the tax so levied." *Page 173 
The particular unit of measurement which shall be used in the levying of an excise tax is not a justiciable question beyond the question whether it has some reasonable relationship to the basis upon which the classifications are made. The unit of measurement might have been gross receipts, tonnage or any other unit which would have had some reasonable relation to the size and extent of the business transacted.
On behalf of the plaintiff in cause No. 18697, it is contended that the ordinance in effect levies a capital or poll tax, and violates Section 1, Article XII, of the Constitution:
"No poll tax shall ever be levied in this state, or service required, which may be commuted in money or other thing of value."
The distinguishing feature between a poll tax and every other variety of tax is that a poll tax is a sum levied upon persons without regard to property, occupation or ability to pay, and is a level assessment against all persons; whereas, all other forms of taxation are based upon some process of computation, such as valuation, occupation or earnings.
It will be observed from the various provisions of this ordinance that the occupations of the persons, associations, etc., taxed by it are taxed in sums varying from $2 to thousands of dollars; that the various classifications made, with their subclassifications, run into the hundreds, and that the only approach to a level assessment per capita is in schedule 4, where a level assessment of $2 is assessed against all occupations not otherwise classified in the various provisions preceding it, *Page 174 
and that this level tax is not assessed against all the inhabitants, as such, of the municipality, not otherwise taxed in the ordinance, but is assessed against "employees in all other capacities." The tax is levied upon the occupation, and is paid by the person, association, etc., engaged in the occupation — is a tax, not upon the privilege of being, but upon the privilege of engaging in an occupation.
The question here is one of power rather than of policy, and we are unable to make any distinction in principle between the levying of an excise tax against an osteopathic physician, as was done in the case of State ex rel. Zielonka v. Carrel,supra, and the levying of an excise tax against any other occupation or profession, whether such occupation or profession be designated by name and classified, or the tax be levied against occupation generally.
The judgment of the Court of Appeals in each case is therefore affirmed.
Judgments affirmed.
MARSHALL, C.J., MATTHIAS, DAY, ALLEN, KINKADE and ROBINSON, JJ., concur. *Page 175