Robinson, J.
 

 These cases will be considered here, as they were in, the courts below, upon the single question whether the state, having entered
 
 *496
 
 the field of levying an excise tax by the provisions of Section 5483, Section 5485 and Section 5486, General Code, thereby pre-empted the field for the purpose of levying an excise tax on the particular classes of occupation therein named, to the exclusion of the municipality upon the same subject.
 

 Section 5483, General Code, provides:
 

 “In the month of October, annually, the auditor of state shall charge, for collection from each
 
 *
 
 * * telephone * * * company, a sum in the nature of an excise tax, for the privilege of carrying on its intrastate business, to be computed on the amount so fixed and reported by the commission as the gross receipts of such company on its intrastate business for the year covered by its annual report to the commission, as required in this act, by taking one and two-tenths per cent, of all such gross receipts, which tax shall not be less than ten dollars in any case.”
 

 Section 5485, General Code, provides:
 

 “In the month of October, the auditor of state shall charge for collection, from each express and telegraph company, a sum in the nature of an excise tax, for the privilege of carrying on its intrastate business, to be computed on the amount so fixed and reported to him by the commission as the gross receipts of such company on its intrastate business for the year covered by its annual report to the commission, as required in this act, by taking two per cent, of all such gross receipts, which tax shall not be less than ten dollars in any case.”
 

 And Section 5486, General Code, provides:
 

 “In the month of November, the auditor of
 
 *497
 
 state shall charge for collection, from each railroad company, a snm in the nature of an excise tax, for the privilege of carrying on its intrastate business, to be computed on the amount so fixed and reported to him by the commission, as the gross earnings of such company on its intrastate business for the year covered by its annual report to the commission, as required in this act, by taking four per cent, of all such gross earnings, which tax shall not be less than ten dollars in any case.”
 

 This court in the case of
 
 State ex rel. Zielonka, City Solicitor,
 
 v.
 
 Carrel, Auditor,
 
 99 Ohio St., 220, 124 N. E., 134, declared:
 

 “Under the grant of power of local self-government provided for in Section 3, Article XVIII, of the state 'Constitution, the city of Cincinnati, as long as the state of Ohio through its General Assembly does not lay an occupational tax on businesses, trades, vocations and professions followed in the state, may raise revenue for local purposes, through the instrumentality of occupational taxes.”
 

 Whether the court reached the decision that the levying of an excise tax upon an occupation by the state operated as a limitation upon the right of the municipality to levy an excise tax on the same subject, by analogy to the rule declared by the United 'States Supreme Court upon the interstate commerce clause of the federal Constitution, to the effect that, with reference to the subjects that are intrastate as well as interstate, a state may enact laws only so long as Congress fails to act, but that when Congress has legislated upon
 
 *498
 
 the subject the sovereignty of the state is superseded by the superior sovereignty of the United States, or whether the decision was arrived at upon the theory that the limitation exists because of the fact that Section 3, Article XVIII, grants to municipalities only such “powers of local self-government * * * as are not in conflict with general laws,” and that when the state has enacted general laws, such as Sections 5483, 5485, and 5486, General 'Code, an ordinance attempting to tax an occupation for the privilege of doing a thing for which the state has already taxed it is for that reason in conflict with general laws, or whether the court reached the conclusion that the enactment of Sections 5483, 5485, and 5486, General
 
 Code,
 
 operates as a restriction on the power of taxation by the municipality, under the provisions of Section 6, Article XIII, of the Constitution, the opinion does not disclose.
 

 It is sufficient to say that the decision in the
 
 Carrel case, supra,
 
 declaring the right of the municipality to levy an excise tax at all, was arrived at by an interpretation of the Constitution rather than by apt words therein found, and was then and since has been a subject of some doubt. That doubt having been resolved in favor of the power to the extent defined in that case, and that decision having been since approved and followed by this court in the case of
 
 Globe Security & Loan Co.
 
 v.
 
 Carrel, Aud.,
 
 106 Ohio St., 43, 138 N. E., 364, and the cases, of
 
 Marion Foundry Co.
 
 v.
 
 Landes
 
 and
 
 Clawson
 
 v.
 
 Landes,
 
 112 Ohio St., 166, 147 N. E., 302, it should now be regarded as the settled law of the state. The majority of this
 
 *499
 
 court are neither disposed to. unsettle the law by overruling that case, nor to extend the power of municipalities in that respect by a further interpretation removing’ the limitation therein expressed.
 

 That the levying of a tax is an exercise of sovereign power, that the sovereignty of the state extends to each of its four comers, within the municipalities as well as without, is. not a subject of debate; that such sovereignty would be impaired by construing the Constitution so as to give a subdivision of the state equal sovereignty in so important a subject as that of taxation cannot be gainsaid.
 

 To the end that the sovereignty of the state may be superior to that of any of its subdivisions, in a matter so essential to that sovereignty as that of taxation, this court adheres to the interpretation of the power conferred by the Constitution upon municipalities to levy an excise tax announced in
 
 State ex Pel. Zielonka
 
 v.
 
 Carrel, supra,
 
 with the limitation therein expressed.
 

 Judgment of the Court of Appeals will be affirmed in each of the cases.
 

 Judgments affirmed.
 

 Matthias, Day and Kinkade, JJ., concur.
 

 Jones, J., concurs in the judgment.