Matthias, J.
 

 The question of the constitution-
 

 ality of the ordinance of the city of Cincinnati herein involved has heretofore been presented to and decided by this court in the case of
 
 State, ex rel. Zielonka, City Solicitor,
 
 v.
 
 Carrel, Aud.,
 
 99 Ohio St., 220, 124 N. E., 134. Its constitutionality was there upheld. That decision was subsequently approved, and followed in the case of
 
 Globe Security & Loan Co.
 
 v.
 
 Carrel, Aud.,
 
 106 Ohio St., 43, 138
 
 N.
 
 E., 364, and also in the cases of
 
 Marion Foundry Co.
 
 v.
 
 Landes, Aud.,
 
 and
 
 Clawson
 
 v.
 
 Landes, Aud.,
 
 112 Ohio St., 166, 147 N. E., 302, and was adhered to in the case of
 
 City of Cincinnati
 
 v.
 
 American Telephone & Telegraph Co.,
 
 112 Ohio St., 493, 147 N. E., 806.
 

 We therefore regard it as unnecessary to again discuss or consider that question in its general aspect, but shall consider and discuss it only in its
 
 *545
 
 application to the situation presented by the record in this case.
 

 It is contended by counsel for plaintiff that the. limitation upon the power of a municipality to levy an occupational tax, recognized and applied in the case last cited, has like application to this case, and that inasmuch as the plaintiff’s business is that of representing foreign insurance companies which had paid the taxes levied and assessed upon their privilege of doing business in Ohio, in accordance with the provisions of Sections 5432 and 5433, General Code, and have likewise paid their license fee on account of plaintiff’s acting as their agent, as provided by Section 644
 
 et seq.,
 
 General Code, the levy of such occupational tax is invalid.
 

 The Court of Appeals concluded, and its conclusion is amply warranted by the record, that the business conducted by plaintiff is not exclusively the business of the insurance companies which have commissioned him their agent, nor of the insurance companies which have not commissioned plaintiff as their agent, but which issue policies on applications solicited by the plaintiff, but, on the contrary, that the business conducted by him is his independent business; that the business conducted by plaintiff is a business of selling, soliciting, or negotiating the sale of the forms of insurance mentioned in the city ordinance in question, and within the intent and meaning of said ordinance.
 

 The particular provision of the occupational táx ordinance of the city of Cincinnati here brought into question is as follows: “Every person, association of persons, firm, agency, company, corporation or insurance solicitor engaged in the business of selling, soliciting or negotiating the sale of all forms of
 
 *546
 
 health, accident, fire, wind, cyclone, tornado, plate glass, burglary, casualty, automobile and other forms of insurance, except life insurance, including the soliciting of surety bonds, maintaining an office or place of business in the city of Cincinnati, the expense of which is not borne by a foreign corporation engaged in the business of selling, soliciting or negotiating such insurance, which shall have complied with Section 5432
 
 et seq.,
 
 General Code, shall be taxed as follows.”
 

 There is evidence that the plaintiff maintained an office for the purpose of engaging in, and did engage in, an insurance brokerage business in addition to representing certain designated foreign insurance companies, and that in that business he accepted applications for insurance not carried by any of the companies which he directly represented, but which he placed with various other agents, or, in the term used rather commonly, he “brokered” the business. His business was therefore not confined to merely representing as agent the foreign insurance companies referred to.
 

 We find ourselves in accord with the conclusion of the Court of Appeals that plaintiff was engaged in a business of his own within the terms of the ordinance, and therefore that the assessment of the occupational tax upon his business does not result in an indirect tax upon foreign corporations doing business in Ohio such as to warrant an exemption within the rule announced by this court in
 
 City of Cincinnati
 
 v.
 
 Amer. Tel. & Telegraph Co., supra.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade and Robinson, JJ., concur.