Williams, J.
 

 This case involves a consideration of the relative powers of the state and its municipalities in levying excise taxes in the same general field and especially upon the receipts from utility commodities and services sold and furnished.
 

 Taxation is an attribute and function of sovereignty. The foundation of the state’s taxing authority is Section 1, Article II of the Constitution, which confers general legislative power upon the General Assembly.
 
 State, ex rel. City of Toledo,
 
 v.
 
 Cooper, Aud.,
 
 97 Ohio St., 86, 119 N. E., 253;
 
 Saviers
 
 v.
 
 Smith, Secretary of State,
 
 101 Ohio St., 132, 128 N. E., 269. The state’s power of taxation was, by Section 10, Article XII of the Constitution, made specific as to excise taxes.
 

 The power to tax has not been expressly conferred
 
 *61
 
 upon municipalities and, were there no binding precedents, the question as to the existence of any such power would present some difficulty, as was pointed out by Judge Robinson in
 
 City of Cincinnati
 
 v.
 
 American Telephone & Telegraph Co.,
 
 112 Ohio St., 493, 147 N. E., 806.
 

 It must now be regarded as settled law in this jurisdiction that a municipality may levy and collect an excise tax for local purposes so long as it is not precluded by state legislation.
 
 State, ex rel. Zielonka, City Solicitor,
 
 v.
 
 Carrel, Aud.,
 
 99 Ohio St., 220, 124 N. E., 134;
 
 Globe Security & Loan Co.
 
 v.
 
 Carrell, Aud.,
 
 106 Ohio St., 43, 138 N. E., 364;
 
 Marion Foundry Co.
 
 v.
 
 Landes, Aud.,
 
 112 Ohio St., 166, 147 N. E., 302;
 
 City of Cincinnati
 
 v.
 
 American Telephone & Telegraph Co., supra; City of Cincinnati
 
 v.
 
 Cincinnati Oil Works Co.,
 
 123 Ohio St., 448, 175 N. E., 699;
 
 Stredelman
 
 v.
 
 City of Cincinnati,
 
 123 Ohio St., 542, 176 N. E., 215. Power of the General Assembly to limit or preclude taxation by municipalities would no doubt exist even in the absence of an express constitutional grant; but such a grant is not lacking. Section 13, Article XVIII of the Constitution (adopted at the same time as the home rule amendments) provides thus: “Laws may be passed to limit the power of municipalities to levy taxes * * Under that provision the General Assembly may impose the limitation not only expressly but also impliedly. The limitation is imposed by implication where the state Legislature levies the same or a similar excise and thus pre-empts the field. After such pre-emption takes place, a municipal tax within the same field can not be levied or collected.
 
 Firestone
 
 v.
 
 City of Cambridge,
 
 113 Ohio St., 57, 148 N. E., 470, and cases cited
 
 supra.
 

 It remains to apply these well-settled principles •to the ordinance before us. It is a grave question whether a statute, which provides for the levy of an
 
 *62
 
 excise tax and also therein makes certain exemptions from its operation, does not pre-empt the field with the result that the municipalities may not even levy the same excise on the exempted part.. It would seem, at first blush at least, that the declaration of exemption on one part is as much a limitation on municipal taxing power'as the imposition of the excise on the othei. Yet we do not have that question if the whole field is covered. We will examine the extent of the coverage.
 

 Section 5546-2, General Code, provides that • “ * * * an excise tax is hereby levied on each retail sale made in this state of tangible personal property * * * with the exceptions hereinafter mentioned and described, as follows:
 

 “One cent, if the price is forty cents or less; * * *
 

 “If the price is less than nine cents, no tax shall be imposed. * * *
 

 “The tax hereby levied does not apply to the following sales: * * *
 

 “3. Sales of motor vehicle fuel and of liquid fuel * # *
 

 “4. Sales of cigarettes and of brewer’s wort and malt * * *.
 

 “5. Sales of beer * * *, sales of wine, and sales of spirituous liquors * * *.
 

 “6. Sales of artificial gas by a gas company as defined in Section 5416 of the General Code, of natural gas by a natural gas company, as so defined, of electricity by an electric light company, as so defined, of water by a waterworks company, as so defined, if in each case the thing sold is delivered to consumers through wires, pipes or conduits; and all sales by any other public utility as defined in Section 5415 of the General Code.”
 

 Section 5415 defines a public utility as meaning and embracing among others a telephone company, an elec
 
 *63
 
 trie light company, a natural gas company and a waterworks company; and Section 5416 provides that a corporation is a telephone company when it is “engaged in the business of transmitting to, from, through, or in this state, telephonic messages.”
 

 A reason for exempting sales by public utilities is found in the fact that their gross receipts are subject to a state excise tax of 3 per centum in all, namely, 2.35 per centum under Section 5483, General Code, and an additional .65 per centum under legislation, which over a period of years has been re-enacted from session to session of the General Assembly. The periodic act covering the year 1945 is found in 120 Ohio Laws, 123.
 

 Section 5483, General Code, reads thus:
 

 “In the month of October,f annually, the auditor of state shall charge, for collection from each
 
 electric light,
 
 intrastate toll bridge, gas,
 
 natural gas, tocitertvorks, telephone,
 
 messenger, union depot, heating, cooling and water transportation company, a sum in the nature of an excise tax, for the privilege of carrying on its intrastate business, to be computed on the amount so fixed and reported by the commission as the gross receipts of such company on its intrastate business for the year covered by its annual report to the commission, as required in this act, by taking two and thirty-five one-hundredths per cent of all such gross receipts, which tax shall not be less than ten dollars in any case. Provided, however, that such tax shall not be collected on that portion of such gross receipts as are received from the sale of merchandise and electrical appliances nor on such gross receipts received for admissions and upon which a tax is paid as provided by Section 5544-2 of the General Code. Provided, however, that in the case of each gas, natural gas and telephone company, a deduction of twenty-five thousand dollars shall be taken from the gross
 
 *64
 
 receipts before computing the excise tax.” (Emphasis supplied.)
 

 As is the case with the sales tax, a portion of the gross receipts tax goes to the municipalities, part of the 2.35 per centum and all the .65 per centum being set aside for local poor relief. For authority for distribution from both the sales tax and the gross receipts tax see Sections 5546-18, 5546-19 and 5491, General Code.
 

 Moreover, the exemptions provided for in paragraphs numbered 3, 4 and 5 in Section 5546-2 are in keeping with a legislative policy of excepting from the sales tax proper sales already taxed in the same or a similar way, namely, sales of motor vehicle fuel (taxed under Section 5527), sales of cigarettes (taxed under Section 5894-2), sales of beer (taxed under Sections 6212-48 and 6212-49&) and sales of wine (taxed under Section 6064-41). The receipts from local telephone service and from equipment furnished for that service are not in a strict sense receipts from sales but are receipts within the meaning of the term “gross receipts” as used in Section 5483. Merchandise and electrical appliances sold by a utility company of any kind "are subject to the sales tax and not the gross receipts tax. Accordingly receipts from telephone subscribers commonly known as telephone rentals are taxed as part of the gross receipts of the telephone companies whereas sales of merchandise and electrical appliances by such a telephone company, if any take place, are sales within the meaning of the sales tax law.
 

 Inferentially the whole legislative course shows an intent to avoid double taxation of receipts whether they come from sales proper or are the “gross receipts” of utilities that are subject to the excise tax under Section 5483.
 

 We can conclude only that by levying the sales tax
 
 *65
 
 and the gross receipts tax the General Assembly has pre-empted the field of taxation which includes,
 
 inter alia,
 
 receipts by utility companies from natural gas, electricity and water sold to consumers and local service and equipment furnished to telephone subscribers. There is no disputed question of fact and, therefore as a matter of law, the collection of the excise tax sought to be imposed by the ordinance should be restrained. ,
 

 For the reasons given the judgments of the courts below are reversed and a final judgment is entered declaring the ordinance invalid, enjoining the collection of taxes under the ordinance and ordering the impounded taxes returned to the taxpayers.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Bell, Turner, Matthias and Hart, JJ., concur.