By the Court.
 

 The council of the city of Youngstown enacted an ordinance levying an annual excise tax
 
 *312
 
 of three per cent on the gross revenue derived from the operation of trackless trolley coaches upon the streets of the city, “for the purpose of contributing to the cost of maintaining and repairing the streets traversed by such coaches.”
 

 The Youngstown Municipal Railway Company, a corporation operating a system of motor coaches and trackless trolley coaches in that city, instituted this action to enjoin the city from levying and collecting such excise tax, alleging in its petition that its trackless trolley coach operation is subject to the terms of Section 5486, G-eneral Code, which levies an excise tax upon the company’s gross revenue derived from the operation of its trackless trolley coaches, and that it has and is paying to the state a tax on its gross revenue as provided for in that section.
 

 Plaintiff contends that the state has pre-empted the particular field of taxation which the city, by ordinance, seeks to enter.
 

 The Common Pleas Court found that the ordinance is invalid on the ground that the state has pre-empted that field of taxation, and granted a permanent injunction restraining the defendants from levying and collecting the tax.
 

 The Court of Appeals, on appeal on questions of law and fact, entered a similar finding and decree.
 

 The decree of the Court of Appeals is affirmed on authority of
 
 Haefner, a Taxpayer,
 
 v.
 
 City of Youngstown,
 
 147 Ohio St., 58, 68 N. E. (2d), 64.
 

 Decree affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Taet and Faught, JJ., concur.