Taft, J.
A small-loan company, such as appellant, may have profits from sources of, income other than its income-producing intangibles. For example, such a company may purchase a promissory note for less than its face value, and may make a profit, in addition to tbe income received by way of interest thereon, when such note is paid in full or when it is sold for more than its purchase price. Since tbe question has been neither raised nor argued in tbe instant case, we will express no opinion with respect to tbe right of Toledo to tax such profits of a small-loan company derived from sources other than tbe income received from its income-producing intangibles.
*83 In the intangible tax law, the General Assembly generally defined “investments” so as to include all the intangibles from which appellant receives income. See Section 5323, General Code. In the instant case, the parties apparently concede that the income so received provides all the net profits of appellant that Toledo seeks to tax.
By Section 5638, General Code, it is provided so far as pertinent:
“Annual taxes are hereby levied on the kinds and classes of intangible property, hereinafter enumerated * * * at the following rates, to wit:
“Investments, five per centum of income yield or of income * * *.”
Similar provisions are contained in Section 5638-1, General Code.
It is apparent therefore that the General Assembly has occupied a field which includes taxation of the income yield from intangibles. Even though the intangible tax may be a property tax, the tax generally levied on intangibles is a tax of five percent of such income yield.
The doctrine of pre-emption of a field of taxation by the state, as preventing occupation of such field by a municipality, is based on the apparent intention of the General Assembly, which is inferred from its occupation of a particular field of taxation. Thus, when the General Assembly does occupy a particular field of taxation, it may reasonably be inferred that it intends to exclude municipalities from such field. It has authority to do this under Section 13 of Article XVIII, and Section 6 of Article XIII, of the Ohio Constitution. Angell v. City of Toledo, 153 Ohio St., 179, 91 N. E. (2d), 250; Haefner, a Taxpayer, v. City of Youngstown, 147 Ohio St., 58, 68 N. E. (2d), 64.
It is contended however that, because the General *84 Assembly has provided in effect that a dealer in intangibles such as appellant is not required to pay this tax of live per cent on income received from intangibles owned by it, the state has not occupied that particular part of the field of taxation of income received from intangibles.
Whether it has left this particular part of the field of income taxation open or not open, necessarily depends on the expressed intention of the General Assembly as found in several statutes.
In the chapter relating to listing of personal property, Section 5366, General Code, provides in part:
“As used in this chapter:
C i * * =*
“ ‘Taxpayer’ excludes all individuals, partnerships, corporations, associations, and joint stock companies, their executors, administrators and receivers, in this title defined * * * as dealers in intangibles * *
This obviously relieves the dealer in intangibles from the obligation of listing his income-yielding intangibles as taxpayers are generally required to list them by Section 5368, General Code. However, the reasons for that statutory provision become apparent on consideration of the provisions of Sections 5414-1 to 5414-7, inclusive, General Code, with respect to dealers in intangibles and especially of Section 5414-3, General Code, which provides:
“The real estate of a dealer in intangibles shall be taxed in the place where it is located, in like manner as the real estate of other persons is taxed; but the tax provided for in this chapter shall be in lieu of all other taxes on the other property and assets used in the business of such a dealer.” (Emphasis added.)
By Section 5414-2, General Code, the shares of such a dealer in intangibles are to be assessed for taxation at their fair value.
*85 When the statutes providing for rates of taxation on intangible property are analyzed, it is apparent that the General Assembly did not intend to permit the owners of shares of such dealers to bear a lesser burden of taxation than that imposed upon other owners of intangible property.
Thus, “unproductive investments” are taxed generally at two mills on the dollar. It may be observed that the tax on a productive investment yielding a four per cent return on its value would be equivalent to a tax of two mills on that value. However, shares of dealers in intangibles are taxed at five mills on each dollar of their fair value. See Sections 5638 and 5638-1, General Code.
This clearly demonstrates a legislative intent to put a tax burden on the owners of shares of such dealers at least substantially equivalent to that borne by other owners of intangibles. Because the shares of such a dealer are not included within the definition of invesments (see Section 5323, General Code), it is fair that not only two mills be levied on account of intangibles owned by the dealer but also two.mills on account of the tax that the dealer’s shareholders are not otherwise required to pay by reason of their ownership of the stock of a dealer in intangibles. The additional one mill was undoubtedly added because owners of intangibles generally cannot deduct their debt liabilities in listing their intangibles for taxation, although such debt liabilities of dealers in intangibles will necessarily be deducted in determining the fair value of their shares at the fair value of the capital, surplus and undivided profits of such a dealer. See Section 5414-5, General Code.
It is apparent, therefore, that the General Assembly meant what it said in Section 5414-3, General Code, when it stated that “the tax provided for in this chap *86 ter shall be in lieu of all other taxes on the other property and assets used in the business of such a dealer.”
In our opinion, the General Assembly has thus clearly expressed an intent that no tax shall be imposed on the income which a dealer in intangibles receives from intangibles that he owns. Such an expressed legislative intention should be just as effective a limitation on the power of a municipality to tax that subject (i. e., income received from intangibles owned) as the limitation which would be implied from the exaction by the state of a tax on that subject.
The judgment of the Court of Appeals is reversed and the cause is remanded for further proceedings in accordance with this opinion.

Judgment reversed.

Weygandt, C. J., Stewart and Bell, JJ., concur.
Matthias, Hart and Zimmerman, JJ., dissent.