Zimmerman, J.,
dissenting. It seems to the writer that the majority opinion places too strict a limitation upon the taxing powers of a municipality and reaches a result which the statutes of Ohio do not require.
There can now be no question as to the general validity of the income tax legislation enacted by the city of Toledo. That was settled in the case of Angell v. City of Toledo, 153 Ohio St., 179, 91 N. E. (2d), 250.
However, appellant insists, and the majority opinion herein agrees, that its net profits are immune from such municipal income tax for the reason that the General Assembly has enacted tax laws affecting appellant which have pre-empted this field of taxation.
Admittedly, the state has imposed no direct income tax on the incomes of its citizens and inhabitants, but has it, by other forms of taxation, to which the appel *87 lant is amenable, invaded tbe field to such an extent as to preclude the appellee from subjecting appellant’s net profits to its income tax?
It is well established in this state that municipalities have the power to levy both excise and income taxes to raise revenues for purely local purposes, but it is equally true that under Section 13, Article XVIII of the Ohio Constitution, such power is subject to limitations either by express statutory provisions or by statutes which impliedly limit the exercise of such power. Haefner, a Taxpayer, v. City of Youngstown, 147 Ohio St., 58, 68 N. E. (2d), 64; Angell v. City of Toledo, supra.
This brings us to an examination of the statutes relating generally to the taxes levied on intangibles. Under Section 5323, G-eneral Code (Section 5701.06, Revised Code), “investments” include interest bearing obligations for the payment of money such as shares of corporate stock and promissory notes.
Sections 5638 and 5638-1, General Code (Sections 5707.04 and 5707.03, Revised Code), levy a tax on investments. Productive investments are taxed at 5 per cent of their income yield. In other words, the tax is measured by the returns from such investments. It would, therefore, seem apparent that, under these statutory provisions, the tax is actually against income, no matter what nomenclature such tax may be given. Consequently, it logically follows that the income of the ordinary taxpayer which he derives from investments is not subject to a municipal income tax.
But what is the taxing situation with regard to appellant, which is engaged in business as a dealer in intangibles, within the definition contained in Section 5414-1, General Code (Section 5725.01, Revised Code)? See Capital Finance Corp. v. Glander, Tax Commr., 153 Ohio St., 50, 90 N. E. (2d), 673.
*88 Under Section 5323, General Code (Section 5701.06, Revised Code), the shares of stock of dealers in intangibles are expressly excepted from the definition of investments, and Section 5366, General Code (Section 5711.01, Revised Code), excludes dealers in intangibles from the definition of the term, “taxpayer.”
Under Section ’ 5414-2, General Code (Section 5725.13, Revised Code), there is no direct tax on dealers in intangibles, but “all the shares of the stockholders in an incorporated dealer in intangibles * * * shall be listed and assessed at the fair value thereof and taxed only in the manner prescribed in this chapter. ’ ’
By the provisions of Section 5638-1, General Code (Section 5707.03, Revised Code), “shares in and capital employed by dealers in intangibles [are taxed at the rate of] 5 mills on the dollar.”
Surely, this indicates a property tax based on value and not an income tax.
Appellant, as does the majority opinion, lays stress on Section 5414-3, General Code (Section 5725.26, Revised Code), which provides that “the real estate of a dealer in intangibles shall be taxed in the place where it is located, in like manner as the real estate of other persons is taxed; but the tax provided for in this chapter shall be in lieu of all other taxes on the other property and assets used in the business of such a dealer.”
It is contended by appellant and the majority opinion holds that by virtue of the latter part, of the quoted section the General Assembly has occupied the entire field of taxation relating to intangibles and that it did not intend to leave any part of that field open to other forms of taxation.
However, as the writer reads that section, it means simply that a dealer in intangibles is relieved from *89 reporting and paying a state property tax as an ordinary business corporation and excuses shareholders of a dealer in intangibles from reporting and paying the tax usually required to be reported and paid by ordinary shareholders. But it does not operate to place either the dealer or its shareholders in a better position than ordinary business concerns.
The writer’s conclusion is that the taxes imposed by Section 5414-1 et seq., G-eneral Code (Section 5725.01, Revised Code), are on the shares of a dealer in intangibles and represent purely a property tax. On the other hand, the Toledo income tax is directed against the dealer on the net profits realized by such dealer from the business he transacts in the municipality, which profits are not otherwise subjected to taxation by the state. It would appear to the writer that in order to say that the state has pre-empted a field of taxation to the exclusion of a municipality the situation should be confined to those instances where both the state and the municipality have imposed the same or a similar tax on the same taxpayer.
It is sometimes difficult to determine whether the state has pre-empted the field of taxation to the exclusion of a municipality. This court has been confronted with the problem on a number of occasions and has reached different conclusions depending on whether the state has invaded the field at all or whether a tax levied by the state and one levied by a municipality are of the same character and rest on the same taxpayer. See State, ex rel. Zielonka, City Solicitor, v. Carrel, Aud., 99 Ohio St., 220, 124 N. E., 134; Globe Security & Loan Co. v. Carrel, Aud., 106 Ohio St., 43, 138 N. E., 364; Marion Foundry Co. v. Landes, Aud., 112 Ohio St., 166, 147 N. E., 302; City of Cincinnati v. American Telephone & Telegraph Co., 112 Ohio St., 493, 147 N. E., 806; Firestone v. City of *90 Cambridge, 113 Ohio St., 57, 148 N. E., 470; Stredelman v. City of Cincinnati, 123 Ohio St., 542, 176 N. E., 215; City of Cincinnati v. Cincinnati Oil Works Co., 123 Ohio St., 448, 175 N. E., 699; Haefner, a Taxpayer, v. City of Youngstown, supra; and Youngstown Municipal Ry. Co. v. City of Youngstown, 154 Ohio St., 311, 95 N. E. (2d), 585.
With respect to the instant case, the following conclusions seem justified:
1. That appellant, engaged primarily in the business of loaning money, is not an “investor” under the intangible tax laws and pays no tax to the state as such;
2. That the state does not tax or attempt to tax appellant on the basis of its earnings; and
3. That the state has not levied any tax on appellant or its property of a kind which precludes the city of Toledo from levying its income tax against appellant’s net profits derived from its business activities in such city.
The judgment of the Court of Appeals should be affirmed.
Matthias and Hart, JJ., concur in the foregoing dissenting opinion.