O’Neill, J.
The ordinance in each case defines “admission charge” in part as follows:
“ ‘Admission Charge’ — in addition to its usual and ordinary meaning, shall include * * * a charge made for rental or use of equipment or facilities for purposes of recreation or amusement, and where the rental of the equipment or facilities is necessary to the enjoyment of the privileges for which a general admission is charged, the combined charge shall be considered as the admission charge * *
The only question presented to this court is whether the admissions tax is valid as applied to the bowling receipts of the plaintiff in each case.
The Sales Tax Act, in Section 5739.01, Revised Code, provides as follows:
“As used in Section 5739.01 to 5739.31, inclusive, of the Revised Code:
< Í # * *
“(B) ‘Sale’ and ‘selling’ include all transactions by which * # * a license to use or consume tangible personal property is or is to be granted * # * for a consideration in any manner * * *, whether for a price or rental * *
In each case, the trial court in its finding of facts found that the plaintiff’s charges for the rental of bowling lanes include the use of bowling balls if desired.
Plaintiff in each case relies upon Haefner, a Taxpayer, v. City of Youngstown, 147 Ohio St., 58, for its position that the *369 General Assembly, by the enactment of the above section of the Sales Tax Act, has by implication pre-empted this field of taxation and thus prohibited the municipality from levying this tax, which, under the municipal ordinance, is designated an “admissions charge.”
The defendant, and the Court of Appeals in its judgment, relied upon the case of Smack & Snack, Inc., v. City of Mayfield Heights (1958), 107 Ohio App., 141 (motion to certify the record overruled on October 29, 1958, and appeal dismissed, 168 Ohio St., 275).
The state admissions tax act was enacted in 1933 and became effective July 1 of that year. The Sales Tax Act was passed and signed by the Governor and was filed with the Secretary of State in 1934. The state admissions tax act was repealed effective on October 1, 1947. Since the repeal of the admissions tax act, there has been no state sales tax collected by the state Department of Taxation upon charges or payments made for the privilege of bowling in a bowling alley.
Plaintiff in each case asserts that in Smack & Snack, Inc., v. City of Mayfield Heights, supra, the question of whether the sales tax of Ohio is imposed by law upon charges or payments made for the privilege of participating in the sport or recreation of bowling was not raised.
It is reasonable to conclude that, since the Sales Tax Act was enacted shortly after the admissions tax act, and since the admissions tax act has not been in effect since October of 1947 and no sales tax has been collected upon the charges or payments for the privilege of participating in the sport or recreation of bowling in a bowling alley before or since that time, the Legislature intended that this field of taxation should be made available to the municipalities when it repealed the admissions tax act and did not intend that the sales tax should pre-empt this field.
There is sound ground for this in the reasoning of Smack & Snack, Inc., v. City of Mayfield Heights, supra. The use of the bowling lanes, and the ball if desired, is incident to the privilege of engaging in the sport or recreation of bowling in a bowling alley, for which privilege a charge is made by the bowling alley and paid by the bowler.
*370 The judgments of the Court of Appeals are, therefore, affirmed.

Judgments affirmed.

Taft, C. J., Zimmerman, Younger, Griffith, Herbert and Gibson, JJ., concur.
Younger, J., of the Third Appellate District, sitting by designation in the place and stead of Matthias, J.