**IN THE MATTER OF THE REGISTRATION OF THE MATAI TITLE "FAGAIMA" OF THE VILLAGE OF TAFUNA, TUTUILA, AMERICAN SAMOA**

No. 1264-1972

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

February 2, 1973

The above-entitled case was heard before A. P. LUTALI, *Associate Judge,* presiding; U. GALOIA, *Associate Judge;* and SALAVE'A AIGAMAUA, *Temporary Associate Judge;* upon stipulation of all parties.

Counsel for Salevai Ah Hing, Mariota Tuiasosopo.
Counsel for Afatia F. Tapu, Ivi S. Pele.
Counsel for Leauma Maluia, Puleleiite M. Tufele.
Counsel for Milovale Solaita, Pita F. Sunia.

This action concerns the registration of the matai title Fagaima of the village of Tafuna, Tualauta County, Tutuila, American Samoa. Salevai Ah Hing filed her claim with the office of the Territorial Registrar on January 17, 1972. Palepa M. Seui filed her claim on February 25, 1972. Afatia F. Tapu filed his claim on March 16, 1972. Leauma Maluia filed his claim on March 16, 1972. Milovale Solaita filed his claim on March 21, 1972. Vaatofu Tuiaana filed her claim on March 21, 1972. During the Pre-Trial Conference held on May 22, 1972, claimants Vaatofu Tuiaana and Palepa Seui both moved the Court to withdraw their respective claims. The Court granted the motions and both Vaatofu Tuiaana and Palepa Seui ceased to be parties in this case.

▮ Each of the claimants, with exception of Afatia, filed a petition signed by 25 persons purported to be blood members of the Fagaima family supporting his or her claim as required under Section 6.0104 of the Revised Code of American Samoa. Afatia filed a claim with only 17 signatures. His claim, however, was accompanied by an affidavit indicating that his family does not have a sufficient number of members qualified to support his claim. (Sec. 6.0104 R.C.A.S.)

Section 6.0101 of the Revised Code of American Samoa sets out the basic qualifications which a person must have to be eligible to succeed to a matai title. It is clearly established from the evidence that, under this section, each of the four claimants is eligible to be registered as the holder of a matai title.

At the outset of the trial, Ivi S. Pele, counsel for Afatia, and Pita Sunia, counsel for Milovale, moved this Court to disqualify claimant Leauma Maluia on the basis that he does not meet the requirements under Sections 6.0112 and 6.0113 of the Revised Code of American Samoa. After a review of the files and the relevant case law in the area, this Court makes the following ruling:

I

The law requires that a claimant seeking to register for, or object to, a matai title be an actual bona fide resident of American Samoa (see Section 6.0112 R.C.A.S.).[1] Thus the issue which this Court must resolve here is the construction of the term "actual bona fide resident" as used in the above mentioned Code Section.

II

 The word "residence" is most often defined as "a place of abode; the abiding or dwelling in a place for some continuance of time." See *Cincinnati, H. & D. R. Co. v. Ives et al.*, 3 NYS 895 (1902). "Residence" like most other words may have different meanings dependent upon the context in which it occurs and the result designed to be accomplished by its use. It is often employed in common speech to express the same idea as to live, dwell, abide, inhabit or possess a domicile. *Martin v. Gardener*, 134 NE 950, 954 (1902).

---

[1] Sec. 6.0112—RESIDENCE REQUIREMENTS:
 Except as provided in Sec. 6.0113, no one shall be eligible to apply for or object to, the registration of a matai title who has not actually resided in American Samoa immediately proceeding (sic) the date of the application to register or objection to registration for a period of one calendar year.

This Court finds the definition of "actual residence" contained in *City of Marlborough v. City of Lynn*, 176 NE 215 (1931), i.e., "the personal presence in a place . . . or a residence existing in truth," to apply in the case at bar. In other words, the word "residence" imports something of expected performance in way of personal presence, and signifies intended continuance as distinguished from speedy change, and the word "actual", imports reality as distinguished from form, method, conjecture or surmise, and is the antonym of constructive, speculative or fictitious. Claimant, Leauma Maluia, conceded that he has lived in Los Angeles for the past 15 years; which, we think, negates a finding of actual residence for the prescribed period; therefore, he is, according to statute, ineligible as a claimant to the title.

The argument brought forth by Leauma Maluia, through his counsel, Puleleiite Tufele, is that he should be allowed to contest the title, because he falls within one of the exceptions to Sec. 6.0112 as set out according to R.C.A.S. Sec. 6.0113.[2] This Court questions the sincerity and good intentions of the claimant. The records show that claimant Leauma Maluia filed a registration form for the matai title and his residence papers on the very same day, 59 days after the Fagaima title was offered for registration by Salevai Ah Hing. It is the opinion of this Court that in the light of the fact that Leauma Maluia has been living in Los Angeles for the past fifteen years and during that lengthy period of time failed to register in compliance with the registration require-

---

[2] Sec. 6.0113—REGISTER OF ABSENT RESIDENTS:

 1. A register shall be kept by the Territorial Registrar in which shall be kept the names of the bona fide residents of American Samoa who are absent from the Territory for the following reasons:

 a. To attend an educational institution.
 b. In the military service of the United States.
 c. For medical treatment or recuperation.
 d. Temporary traveling.
 e. For missionary work as a minister.

ments, this Court has much reason to doubt the true intent of the claimant's motives. "Motives are immaterial except they indicate intention." See *Foote v. Foote*, 77 NYS2d 60 (1948). The claimant's belated move to register for the Fagaima title and to file his residency papers, which unusually coincides with the last possible day, is a transparent effort to qualify for that which he is otherwise ineligible.

## IV

█ It is important that this Court preserve the Faa-Samoa and protect the rights of those eligible under Title VI of the Code of American Samoa to apply for, or object to, a matai title.

It is therefore the ruling of this Court, in view of all the evidence and authority presented, to grant the motion to disqualify claimant Leauma Maluia from contesting the Fagaima title.

Section 6.0107 of the Revised Code of American Samoa sets out the considerations which shall guide the Court in determining which of the opposing claimants shall be registered as the holder of the Fagaima title. . . . It reads as follows:

CONSIDERATION GIVEN BY THE COURT: In the trial of matai title cases, the High Court shall be guided by the following considerations, in the priority listed:

First: The best hereditary right in which the male and female descendants shall be equal in families where this has been customary, otherwise the male descendant shall prevail over the female.

Second: The wish of the majority or plurality of those clans of the family as customary in that family.

Third: The forcefulness, character, personality, and knowledge of Samoan customs.

Fourth: The value of the holder of the matai title to the family, the village, and the country.

On the issue of hereditary right, each of the three remaining claimants filed a pedigree and testified before the Court as to their respective right to the title Fagaima. Salevai Ah Hing claims that she is the daughter of Aititio the son of Fagaima Tuli, and therefore she has one-fourth Fagaima blood. Afatia claims that he is the son of Aifai, the daughter of Fagaima Tuli, and he has one-fourth Fagaima blood. Milovale claims that he is the son of Fagaima Tulafono who recently resigned from holding the Fagaima title; and he therefore has one-half Fagaima blood. Inasmuch as Milovale has one-half Fagaima blood, it follows then, that he prevails over both Salevai and Afatia. Salevai and Afatia, each having one-fourth Fagaima blood, are on a parity. The evidence also shows that Salevai and Afatia are members of the same clan, and in the absence of any testimony or evidence to indicate that male and female descendants of the Fagaima family are equal in the matter of the selection of a holder for the title (see Section 6.0107), we must conclude that Afatia, being the male descendant, prevails over Salevai, and thus ranks second on this issue, while Salevai, being the female descendant, ranks third.

In the matter of clans, all three claimants are unanimous in their testimony that there are six clans in the Fagaima family. These clans are Tuli, Semou, Monotaga, Tui, Muliamu, and Lau or Poloai. The Court must now decide which of the three claimants is supported by "the majority or plurality of the clans." In reviewing the files, the Court finds that the application filed by Salevai contains signatures of 25 persons purported to be blood members of the Fagaima family and all of the 25 signers are claimed to be descendants of the Tuli clan. Further the Court finds that the application filed by Afatia contains signatures of 17 persons who are also claimed to be descendants of the same Tuli clan. Thus we have two claimants supported by one

88

clan. Milovale's application, although it contains 25 signatures, does not indicate from which clan or clans these signers are descended. This failure on the part of Milovale to provide the information required by a Court Order has deprived the Court of the opportunity to consider what support he may have among the six clans. In view of the above omission on the part of Milovale, this Court has no alternative but to conclude that this claimant must be discounted from being considered under this category. Inasmuch as Afatia and Salevai are supported by one of the six clans, and Milovale being discounted for consideration under this issue, it is the conclusion of this Court that none of the three claimants is supported by the "majority or plurality of the clans" of the Fagaima family.

We now come to the consideration of the issue of forcefulness, character, personality, and knowledge of Samoan custom.

After considering the testimony, evidence and arguments of counsels, and after taking into specific account the behavior and the many fine qualities displayed by all claimants, it is our considered opinion that Afatia prevails over both Milovale and Salevai on this issue. The Court is further of the unanimous opinion that Milovale prevails over Salevai and thus ranks in the second place, with Salevai in the third place on this same issue.

We note from the evidence that Afatia has lived in the Fagaima family all his life, and he has resided in the village of Tafuna where the title Fagaima is located since he was born. He has worked on family lands and participated continuously in family and village affairs. He attended local schools and is at present working for the Government of American Samoa at the Marine Resources Office. The evidence further indicates that while Fagaima Tulafono, the last holder who recently resigned from the title, was residing in the United States for many years, Afatia was

working and looking after family lands and serving the family in village affairs.

We also note from the evidence that while Milovale possesses very excellent qualifications in Radiographic Inspection Training for Metal Inspectors, Ultrasonic Laminar Defect Determination and Thickness Measurement, a Diploma in Radio and Television Technician, an Honorable Discharge from the United States Navy, and recommendations from previous employers he has very little to show that he is familiar with the affairs, properties, and problems of the family. He is at present employed by the Government of American Samoa in the Education Department. He resided in the United States for many years; when he returned to American Samoa, he established his home and resides at present in another village.

Salevai has lived in the family all her adult life. The evidence shows that she participated in affairs of the family and worked on family lands during the past several years. She attended local schools. She has plantations and houses on the lands of the family. The evidence further shows that she represented the family in connection with disputes on land ownership with other families and individuals while the matai Fagaima Tulafono was living in the United States.

We have said many times that a claimant who lives in the family and the village is more familiar with members and the needs of family members than the claimant who has never lived in the family or village (see High Court case No. 5 (civil), 1939) and (High Court case No. 16 (civil), 1938). In the High Court case No. 24 (civil), 1963, we said that "a claimant who lives away from the family and village cannot look after the affairs of the family as well as if he lived with the family, and this is an important consideration in determining which claimant has the greatest capacity for leadership." (See also High Court

case No. 125 (civil), 1963.) In the case at bar, it is our contention that Afatia, having lived all his life in the family and the village and having participated in affairs of the family for many years would have a greater potential to be a more successful matai than the other claimants.

The Court recognizes the educational training attained by Milovale in technical fields as enumerated herein-above; however, the Court feels that none of these qualifications would have any immediate effect or use to Milovale, as the matai of the family, or, for that matter, to the family. He would have to live in the family and among its members for some length of time to acquire familiarity with members and their problems. In the High Court Case L & T No. 1193 (1972), the Court held that "while A possesses more formal educational qualifications and higher scholastic achievements, B prevails over A on those qualities of leadership and character that are immediately best suited for a person who is to be the matai of a family which has had no matai for many years, the last holder having lived away from Samoa for several years." We, therefore, find for Afatia on this issue.

In the consideration of the value to the family, the village and the country, this Court is of the unanimous opinion that claimant Afatia ranks first, prevailing over Milovale and Salevai, and that Milovale ranks second, prevailing over Salevai on this issue.

Since we find that claimant Afatia ranks first and prevails over Milovale and Salevai on the third and fourth issues, Afatia, accordingly, shall be registered as the holder of the matai title Fagaima attached to the village of Tafuna. A claimant who prevails under both the third and fourth issues has a greater right than the person who prevails only on the first issue (see Appellate Division Case No. 104 (civil) 1964).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Afatia be registered as the holder of the matai title FAGAIMA, attached to the village of Tafuna, Tualauta County.

The Clerk of the High Court is instructed to docket this Order and transmit copies thereof to all parties and to the Territorial Registrar.