Towne Properties, Inc., Appellee, *v.* City of Fairfield
et al., Appellants.

(No. 76-812—Decided June 29, 1977.)

*Messrs. Smith & Schnacke, Mr. William D. Forbes* and *Mr. William C. Martin,* for appellee.

*Messrs. Wessel & Wessel* and *Mr. Robert F. Wessel,* for appellants.

LOCHER, J. This case presents two questions for resolution: (1) Under the Ohio statutes, is appellant prevented from imposing this tax to cover its recreational expenses? (2) If appellant has the power to impose this tax, is the manner of taxation violative of the Equal Protection Clause of the Fourteenth Amendment?

Section 3, Article XVIII of the Ohio Constitution, states:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with the general laws."

This section has been held to provide to municipalities the power of local self-government and this power necessarily includes the authority to tax. *State, ex rel. Zielonka,* v. *Carrel* (1919), 99 Ohio St. 220. The General Assembly, in the area of recreation with respect to taxation, has enunciated through R. C. 755.18, *inter alia*:

"* * * The local authorities of such municipal corporation, county, township, township park district, or school district, having power to appropriate money therein, may annually appropriate and cause to be raised by taxation an amount for the purpose of maintaining and operating such facilities."

However, a municipal corporation's power to tax is

not unlimited. Two provisions of the Ohio Constitution provide that a municipality's power of taxation may be limited by the General Assembly.

Section 13, Article XVIII, states, in pertinent part:

"Laws may be passed to limit the power of municipalities to levy taxes and incur debts for local purposes * * *."

Section 6, Article XIII, reads:

"The General Assembly shall provide for the organization of cities, and unincorporated villages, by general laws; and restrict their power of taxation, assessment, borrowing money, contracting debts and loaning their credit, so as to prevent the abuse of such power."

This court has recognized two methods by which the General Assembly may abrogate the taxing authority of a municipality, pursuant to the preceding constitutional provisions. Specifically, the court has pronounced that municipalities have the power to levy excise taxes for purely local purposes, but such power may be limited by express statutory provision or by implication flowing from state legislation which pre-empts the field by levying the same or similar excise tax. *Haefner* v. *Youngstown* (1946), 147 Ohio St. 58, paragraph three of the syllabus.

Appellee contends that the General Assembly removed by specific statutory provisions appellant's authority to levy this tax for recreational expenses. A survey of the Revised Code sections cited by appellee fails to reveal the expressed legislative interdiction. R. C. Chapter 5705 creates the general tax levy; R. C. 5705.02 restates the Ohio Constitution's one percent limitation in terms of mills; R. C. 5705.05 merely defines the intent and purpose of the general levy; and R. C. 5705.19(H) provides a limited circumvention of the ten-mill limitation for recreational needs.

An analysis of appellee's contention thus reveals that it is not supported by the specific wording of any statute, but seeks its basis in a purported inference drawn from the previously mentioned legislation. In *Cincinnati* v. *Roettinger* (1922), 105 Ohio St. 145, this court found that the General Assembly, by the wording of the statute, specified a list of permissive uses of the water funds and, thereby, pro-

hibited the use of the funds for nonspecified purposes. In the case, *sub judice*, appellee argues that, because there are two taxes having the *same* permissive use of revenue, this court should infer the intent of the General Assembly to prohibit appellant's enactment of this tax. The logic used in construing the statute in *Cincinnati* v. *Roettinger, supra,* and expressed therein by the maxim *expressio unius est exclusio alterius*,[1] is not applicable. Instead, acceptance of appellee's inferred prohibition could only occur by the application of a specious derivation of the maxim: the expression of the same implies the exclusion of one.

Appellee's argument of implying a prohibition from legislative action, while similar to the judicial theory of implied pre-emption,[2] asks this court to extend the parameters of that theory to encompass dissimilar taxes,[3] if the revenues are used for similar expenses. In *Haefner* v. *Youngstown, supra,* the court, citing *Firestone* v. *Cambridge* (1925), 113 Ohio St. 57, continued its adherence to the rule of law that a municipality's power to levy a tax may be limited by state legislation which pre-empts the field by levying the same or similar tax. This proposed expansion of the pre-emption doctrine would extend beyond its present justification judicial antipathy to double taxation (*East Ohio Gas Co.* v. *Akron* [1966], 7 Ohio St. 2d 73) and create a previously unforeseen impact upon municipal revenue.

Finding neither an expressed statutory interdiction nor any justification for implying the legislative intention of pre-emption, we hold that appellant had authority to levy the tax in question.

In the exercise of their taxing powers, the municipalities and the state are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. However, this clause imposes no iron rule of equality, prohibiting the flexibility and

---

[1] The expression of one thing implies the exclusion of another thing.

[2] Appellee asserts it is relying on a specific legislative interdiction.

[3] Appellee does not raise the argument that the subject tax is really a property tax, but states that it is an excise tax.

variety that are appropriate to reasonable schemes of taxation. *Allied Stores of Ohio* v. *Bowers* (1959), 358 U. S. 522.

The appellant experienced an explosive growth of population over a relatively short period of time, placing a strain upon its recreational facilities. The ordinance enacting this tax was based upon a determination by city council that (1) a portion of the burden should be borne by the developers and purchasers who were incidentally but not totally responsible, and (2) the remaining share of the cost should be borne by the present residents, who would also be using the facilities. The statutory scheme of the ordinance carried this determination into effect, by requiring an appropriation equal to the revenue derived from the subject tax to be made annually from the general fund to the recreational capital improvement fund.

In our opinion, there is no merit to the contention that this tax ordinance violates the Equal Protection Clause of the Fourteenth Amendment. As was stated in paragraph six of the syllabus in *National Tube Co.* v. *Peck* (1953), 159 Ohio St. 98, at page 100:

"The equal-protection provisions of the Constitutions do not require the state to maintain a rigid rule of taxation, to resort to close distinctions, or to maintain a precise scientific uniformity; and possible differences in tax burdens not shown to be substantial or which are based on discrimination not shown to be arbitrary or capricious do not fall within constitutional prohibitions."

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, STERN, P. BROWN and SWEENEY, JJ., concur.

CELEBREZZE, J., concurs in the judgment.

STERN, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting for W. BROWN, J.