THE STATE, EX REL. WATERBURY DEVELOPMENT COMPANY,
APPELLEE, *v.* WITTEN, VILLAGE ADMR., APPELLANT.

(No. 77-1353—Decided June 21, 1978.)

*Messrs. Spengler, Nathanson, Heyman, McCarthy & Durfee, Mr. Ralph Bragg* and *Mr. Gary D. Sikkema,* for appellee.

*Messrs. Doyle, Lewis & Warner, Mr. Thomas D. Smith, Mr. Alan B. Dills* and *Mr. Keith K. Johnson,* for appellant.

*Per Curiam.* The two propositions of law propounded by appellant in this cause are that: (1) municipalities may adopt ordinances providing for tap-in charges for water services subject only to the qualification that such fees "must be fair and reasonable and bear a substantial relationship to the cost involved in providing service to the landowners"; (2) a municipality is not prohibited from levying a charge on new single family dwellings to provide funds for expanded recreational facilities made necessary by population growth.

Appellant indicates in her brief that the rationale for the water tap fee ordinance adopting the new "equity value" is to apportion the cost of the water system equitably between prior users and new users, although the ordinance does not provide for earmarking of the water tap-in fees. No village revenues other than the funds generated from the park fees collected under Section 1313.19 are paid into the New Park Development Fund, although the fees so collected are earmarked for that fund.

In its opinion the Court of Appeals summarized the methods for financing water works and concluded, with respect to the water tap charges, as follows:

"* * * The tap-in charge cannot be sustained as a proper exercise of the police power as it bears no reasonable relationship to the cost involved in providing the service related to tapping in.

"Water charges that exceed the cost of the service constitute taxes. See *Cincinnati* v. *Roettinger* (1922), 105 Ohio St. 145; * * *.

"The collection of taxes by a municipality for water systems must conform with the proper statutory provisions [R. C. 743.22, R. C. 5705.01-5705.50], the Ohio Constitution

\* \* \* [Section 2, Article XII], and the due process clause of the Federal Constitution. The noncompliance with the above laws renders the tax illegal.

"Labeling the 'user charge' as a special assessment would, also, provoke legal dilemmas. R. C. 727.12(D) provides that the municipal corporation must:

" '(D) State whether the method of levying the special assessments shall be:

" '(1) By a percentage of the tax value of the property assessed;

" '(2) In proportion to the benefits which may result from the improvement;

" '(3) By the foot front of the property bounding and abutting upon the improvement;'

"As to a percentage of the tax value of the property assessed or the making of a special assessment by foot front of the property, R. C. 727.02 was not followed. An assessment cannot exceed the benefit conferred on the property owner. \* \* \* The assessment levied by Waterville did exceed the benefit to the individual property owner."

Appellant concedes that "[t]he Court of Appeals decision in this case accurately states that the water tap fee may only be imposed pursuant to the valid exercise of the police power or a valid exercise of the revenue-raising power of a municipality." Appellant then argues that its "user charge" is valid under the holding in *Towne Properties* v. *Fairfield* (1977), 50 Ohio St. 2d 356.

In *Towne*, the court upheld the validity of an ordinance requiring anyone obtaining a building permit or registering trailer or mobile home pads or installing manufactured residential units not requiring a building permit to pay $50 per unit.

The syllabus in *Towne* reads:

"R. C. Chapter 5705, creating the general tax levy, contains neither an expressed statutory interdiction nor a justification for the implication of a legislative intention of preemption; therefore, a municipality has retained its authority to impose a tax upon new residential units and

mobile homes or trailer pads in the city to provide the funds for the acquisition, development, maintenance and operation of needed public recreation sites or facilities."

Appellant observes that, in *Towne*, "[t]he charge was not in the form of a license fee, a special assessment, or property tax, yet this court approved the charge." Appellant argues that "the Legislature has passed no legislation that prohibits the 'user' charge or pre-empts it by implication * * *" and that "[i]n this respect the user charge is precisely the same as the charge in *Towne Properties*."

In *Towne* it is stated, at page 360:

"The appellant experienced an explosive growth of population over a relatively short period of time, placing a strain upon its recreational facilities. The ordinance enacting this tax was based upon a determination by city council that (1) a portion of the burden should be borne by the developers and purchasers who were incidentally but not totally responsible, and (2) the remaining share of the cost should be borne by the present residents, who would also be using the facilities. The statutory scheme of the ordinance carried this determination into effect, by requiring an appropriation equal to the revenue derived from the subject tax to be made annually from the general fund to the recreational capital improvement fund."

It does not appear that either the water tap fee or the park fee, in the instant cause, can be equated with the tax levied in *Towne*, which was a revenue measure imposed upon both developers and purchasers and present residents.

It is the conclusion of this court that both the "equity value fee" and fees for the New Park Development Fund at issue here are invalid.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.