NATIONAL AMUSEMENTS, INC., APPELLANT, *v.* CITY OF SPRINGDALE ET AL., APPELLEES.

(No. C-800842—Decided November 18, 1981.)

*Strauss, Troy & Ruehlmann Co., L.P.A.,* Mr. *Charles G. Atkins* and Mr. *Charles J. Postow,* for appellant.

*Messrs. Wood, Lamping, Slutz & Reckman,* Mr. *Kenneth J. Schneider,* Mr. *Albert H. Neman* and Mr. *Harold G. Korbee,* for appellees.

BLACK, P.J. The question presented in this appeal is whether Springdale's ordinance imposing a three percent cinema admissions tax is facially invalid because it denies equal protection rights guaranteed by the United States and Ohio Constitutions. We answer that question in the negative and affirm the trial court's judgment.

Defendant-appellee, city of Springdale, imposed the tax on "the amounts received from admission to any cinema" in the city, by adoption of Ordinance No. 67-1978 (enacting as of January 1, 1979, Chapter 97 of the city's codified ordinances). In the single "whereas" clause the city expressed its desire "to offset the cost of additional municipal services and to provide additional revenue," and in Section 97.02 the stated purpose of the tax was to provide revenue for general municipal purposes.

Plaintiff-appellant, National Amusements, Inc., brought suit asking that the ordinance be declared unconstitutional as violative of its equal protection rights and that enforcement be enjoined, claiming that the ordinance imposed a discriminatory tax on cinemas and not on "any other place of business, amusement or recreation in the City of Springdale." These allegations present solely the question of whether the ordinance is facially unconstitutional, there being no claim of discriminatory application. The city counterclaimed, asking for a judgment declaring the ordinance valid in all respects. Both parties moved for summary judgment, and the court ruled in favor of the city, declaring the ordinance valid.[1]

In the first of its two assignments of error, plaintiff asserts error in granting summary judgment when there existed a genuine issue of material fact. This claim has no merit. Plaintiff's complaint, as noted, raised only the question of whether the ordinance was invalid on its face. The city conceded the ordinance had been duly adopted. There could be no factual dispute material to the issue of facial validity.

If plaintiff had presented in its complaint, or in any evidentiary documentation associated with its motion for summary judgment, any claim that other forms of entertainment existed in the city so that the application of the tax on cinemas only would be impermissibly discriminatory, a factual dispute might arise. Plaintiff made no such claim, and no factual issues were presented to the trial court. We find no error as claimed.

The second assignment claims that the court erred in holding that the ordinance was facially valid. We understand plaintiff to concede that broad powers are conferred on a legislative authority to classify property for taxation, and that no classification will be set aside unless it is so discriminatory as to deny equal protection of the law. *State, ex rel. Struble,* v. *Davis* (1937), 132 Ohio St. 555 [8 O.O. 552], paragraph two of the syllabus. We understand plaintiff does not assert that the taxation of cinema admission has been preempted by the state of Ohio. Plaintiff's complaint, according to our understanding, is that the ordinance *sub judice* makes an invalid classification because it arbitrarily singles out cinema admissions for taxation. We do not agree.

A taxing authority may discriminate between trades and activities and is not required to follow any predetermined method of classifying those which it selects for taxation, provided the classification rests "upon some ground of difference having a fair and substantial relation to the object of the legislation * * *." *F. S. Royster Guano Co.* v. *Virginia* (1920), 253 U.S. 412, 415.

"* * * If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of differences or policy, there is no denial of the equal protection of the law. * * *" *Brown-Foreman Co.* v. *Kentucky* (1910), 217 U.S. 563, 573. Furthermore, a classification, even though discriminating between entities subject to taxation, does not violate equal protection guarantees if there exists any state of facts that reasonably can be conceived to constitute a validating distinction from other taxable

---

[1] The motions for summary judgment were made on the basis of the pleadings only, without any other factual documentation, and the judgment entry states that the ordinance is "valid, lawful and enforceable." The entry also "dismisses" the plaintiff's complaint — a questionable result when both the complaint and the counterclaim presented a proper question for declaratory judgment. The propriety of a dismissal under these circumstances was not raised by the appellant, but we do not wish our affirmance of the judgment below to be deemed an approval of this aspect of the judgment entry below.

entities. *Allied Stores of Ohio, Inc.* v. *Bowers* (1959), 358 U.S. 522, 528, 530 [9 O.O.2d 321]. Accord, *Towne Properties, Inc.* v. *Fairfield* (1977), 50 Ohio St. 2d 356 [4 O.O.3d 488]. In our judgment, the attraction of large masses of people to cinemas can reasonably be conceived of as requiring such additional governmental services in off-hours that a tax designed to offset the cost thereof is substantially related to a governmental purpose.[2] We find no denial of equal protection. The second assignment of error has no merit.

We affirm.

*Judgment affirmed.*

SHANNON and PALMER, JJ., concur.

---

[2] A tax on leases of motion picture films imposed on theaters but not on television stations has been held valid, the distinction being based on reality and not shown to be arbitrary or unreasonable. *Bullock* v. *ABC Interstate Theatres, Inc.* (Tex. Civ. App. 1977), 557 S.W.2d 337, certiorari denied (1978), 439 U.S. 894. A tax on the gross sales of motion picture theater tickets was also validated in *State, ex rel. Griffin,* v. *Greene* (1937), 104 Mt. 460, 67 P.2d 995.