OPINION
Plaintiffs-appellants A M Builders, Inc., et al. ("appellants") appeal from the orders of the trial court denying their motion for summary judgment and, instead, granting summary judgment in favor of defendant-appellee the City of Highland Heights ("the City") and declaring the City's "Park and Recreation Improvement Fee" constitutional. For the following reasons, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
On November 23, 1993, the Council of the City of Highland Heights passed the challenged ordinance, City of Highland Heights Ordinance No. 50-1993 ("Ord. No. 50-1993") and, on November 30, 1993, the ordinance was approved by the City's mayor. Ord. No. 50- 1993 amended Section 1311.02.1 of the Codified Ordinances of the City of Highland Heights; as amended, Section 1311.02.1 assesses a six hundred dollar ($600.00) "Park and Recreation Improvement Fee" on new residential construction for" * * * the development of new park land and park facilities and/or the expansion of existing park and recreational facilities." Ord. No. 50-1993 reads in full:
 In addition to the fees charged in Section 1311.02
for new construction in U-1 and U-2 Residential Districts, U-3 MultiFamily Districts and the Recreation and Residential Development District there shall be charged the sum of Six Hundred Dollars ($600.00) for each individual residential unit. Such fee shall be paid before the permit for new construction is issued and all such fees shall be deposited in the Park and Recreation Improvement Fund. The fees collected herein shall be used solely for the development of new park land and park facilities and/or the expansion of existing park and recreational facilities. No funds may be withdrawn from the Park and Recreation Improvement Fund without prior approval of Council.
On January 28, 1997, appellants filed the underlying lawsuit against the City challenging the constitutionality of Ord. No. 50-1993. In their complaint, appellants sought: (1) declaratory relief finding Ord. No. 50-1993 unconstitutional; (2) injunctive relief enjoining the City from enforcing Ord. No. 50-1993; and (3) damages for conversion and/or unjust enrichment based upon the funds collected from appellants by the City under Ord. No. 50-1993 and a prior ordinance, Ord. No. 19-1991.[1]
On November 6, 1997, appellants filed a motion for summary judgment. The trial court denied appellants' summary judgment motion and, on May 28, 1998, the City filed a motion for summary judgment. In a journal entry filed on November 13, 1998, the trial court granted summary judgment in favor of the City and declared Ord. No. 50-1993 constitutional.[2] Therefrom, appellants' have filed the instant appeal. Appellants have assigned the following errors for our review:
 I. THE TRIAL COURT ERRED IN GRANTING THE CITY'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE CITY WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT SINCE THE APPELLANTS WERE ENTITLED TO SUMMARY JUDGMENT BECAUSE THE CITY'S PARK RECREATION IMPROVEMENT FEES ARE UNLAWFUL TAXES LEVIED AGAINST REAL PROPERTY ON AN UNEQUAL BASIS IN VIOLATION OF ARTICLE XII, SECTION 2 OF THE OHIO CONSTITUTION AND OHIO LAW.
 III. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT SINCE THE APPELLANTS WERE ENTITLED TO SUMMARY JUDGMENT BECAUSE THE AMOUNT OF THE ADDITIONAL RECREATION CHARGE BEARS NO RATIONAL RELATIONSHIP TO THE ACTUAL COSTS OF EXPANDING EXISTING PARKS. THEREFORE, THE FEE IS UNREASONABLE AND IN VIOLATION OF APPELLANTS' SUBSTANTIVE DUE PROCESS RIGHTS.
 IV. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT SINCE THE APPELLANTS WERE ENTITLED TO SUMMARY JUDGMENT BECAUSE THE FIFTH AMENDMENT'S JUST COMPENSATION PROVISION BARS THE CITY OF HIGHLAND HEIGHTS FROM SUBJECTING NEW LANDOWNERS TO A RECREATIONAL PERMIT CHARGE, WHEN THE COSTS SHOULD BE BORNE BY THE COMMUNITY AS A WHOLE.
In the first assignment of error, appellants assert that the trial court erred in granting summary judgment in favor of the City. In their second, third and fourth assignments of error, appellants claim that the trial court erred in denying their motion for summary judgment. Appellants' four assignments of error contain common issues of law and fact; therefore, we will consider the assignments of error concurrently.
Civ.R. 56 (C) provides that summary judgment is proper if the trial court determines that: "`(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Hannah v. DaytonPower Light Co. (1998), 82 Ohio St.3d 482, 485, quoting Templev. Wean United, Inc. (1977), 50 Ohio St.2d 317.
As an initial matter, this court must determine whether the "Park and Recreational Improvement Fee" in Ord. No. 50-1993 constitutes a "tax" or a "fee." A "fee" is a charge imposed by a government in return for a service. State ex rel. PetroleumUnderground Storage Tank Release Compensation Bd. v. Withrow
(1991), 62 Ohio St.3d 111, 113. "Taxation refers to those general burdens imposed for the purpose of supporting the government, and more especially the method of providing the revenues which are expended for the equal benefit of all the people." Cincinnati v.Roettinger (1922), 105 Ohio St. 145, 153-54, "Determining whether an assessment is a fee or a tax must be done on a case-by-case basis dependent upon the facts and circumstances surrounding each assessment." Withrow, at 115. In addition, the Supreme Court of Ohio has held that "a "fee' is in fact a "tax' if it exceeds the "cost and expense' to government of providing the service in question." Granzow v. Bur. of Support of Montgomery Cty. (1990),54 Ohio St.3d 35, 38.
Based upon the foregoing, we find that the "Park and Recreational Improvement Fee" constitutes a tax. The challenged assessment does not operate as a fee in return for a service. Compare Amherst Builders Assn. v. Amherst (1980), 61 Ohio St.2d 345, syllabus ("[A] municipality, pursuant to Section 4, ArticleXVIII of the Constitution of Ohio, may impose upon new users a tap-in or connection fee which bears a reasonable relationship to the entire cost of providing service to those new users. Instead, Ord. No. 50-1993 would raise revenues "* * * for the development of new park land and park facilities and/or the expansion of existing park and recreational facilities." We do not consider these park and recreational facilities to be a service provided solely to new residents; rather, the facilities would benefit the whole community.
The instant opinion is in accordance with this court's decision in Bldg. Industry Assn. of Cleveland v. Westlake (1995),103 Ohio App.3d 546. In Westlake, the defendant-city enacted an ordinance that established an impact fee upon new residential and commercial construction. The impact fee raised revenues for the operation and maintenance of existing recreational facilities. This court found that the challenged ordinance was not a fee but, instead, was in operation a tax. Id. at 551. The Westlake court stated:
 Section 5 proves troublesome for several reasons. The section authorizes council to use the impact revenues collected solely on the operation and maintenance of existing recreational facilities which are also used, and presumably presently supported by property and income taxes, by the present residents of the city. Absent a matching amount on present residents, it is not fair or reasonable to shift the funding of the present recreation system from the general public to the developers and purchasers of new construction. Further, it is impossible to ascertain whether the relationship is substantial between the charge and the burden to the recreation system of existing parks caused by new development. See Amherst, supra.
The city speculates that there is a nexus between the charges and the burden in that the purchasers of new construction will actually burden the existing parks through additional use; thus, it is argued that it is fair to require these new users to assume a fair share for the additional costs to the city park system. However, there is no guarantee that these new construction purchasers will in fact use the existing park system, let alone cause a need for building new facilities, unlike the certainty of new users using and burdening a local sewage system as was the case in Amherst. Furthermore, we fail to see the nexus between development and the use of the charges for a "park and recreation program for the City." See Ord. No. 1990-165 at Section 5. As appellee argues in its brief, an undefined program such as this "could very well include expenditures totally unrelated to expanded park facilities made necessary by new home construction." While it is laudable to seek such a recreational program for the city and its residents, costs associated with that program should be borne by all residents, not merely those purchasing new construction, for the benefits of such a program run to all residents. By requiring only new construction purchasers to shoulder the burden of such an open-ended program,[3] the charges imposed cannot be said to equal the cost of the service as a result of the development. Rather, that charge is necessarily inflated so as to pay for that share of the program which should be borne by the present residents and existing construction.
Id. at 551-552 (emphasis added)
The City argues that the Westlake decision is inapposite to the facts of this case. The City notes that the funds collected under the ordinance at issue in Westlake were used for the operation and maintenance of existing recreational facilities. In the instant case, funds collected pursuant to Ord. No. 50-1993 would be used solely for the development of new park and recreational facilities. Notwithstanding this distinction, the logic ofWestlake clearly applies to the case sub judice. There is no guarantee that new construction purchasers will in fact use the City's park and recreation system. Costs associated with expanding the City's park and recreation system "should be borne by all residents, not merely those purchasing new construction, for the benefits of such a program run to all residents."Westlake, at 552.
State and federal constitutional provisions, viz. Section 2 of Article XII of the Ohio Constitution and Section 1 of theFourteenth Amendment to the United States Constitution, require uniformity in the mode of assessment. Pursuant to these provisions, real property must be assessed on the basis of the same uniform percentage of actual value. See Black v. Bd. ofRevision of Cuyahoga Cty. (1985), 16 Ohio St.3d 11, 16. Under Ord. No. 50-1993, new residential construction is subject to six hundred dollar ($600.00) "Park and Recreation Improvement Fee" which is not uniformly applied to all residents.
In Town Properties, Inc. v. Fairfield (1977), 50 Ohio St.2d 356, the Supreme Court of Ohio found a recreational tax on building permits constitutional because the existing residents in Fairfield were also charged with an equal share of the cost for the acquisition, development, maintenance and operation of publicly owned recreation sites and facilities. Id. at 360. The statutory scheme in Fairfield required "* * * an appropriation equal to the revenue derived from the subject tax to be made annually from the general fund to the recreational capital improvement fund." Id. Absent a matching amount on present residents, the City's Park and Recreational Improvement Fee places an unfair and unreasonable burden on developers and purchasers of new construction. Westlake, supra.
Based upon the foregoing, we find that Ord. No. 50-1993 is an unconstitutional tax. Appellants were entitled to summary judgment on their claims for declaratory judgment and injunctive relief. In their complaint, appellants also sought damages for conversion and/or unjust enrichment based upon the funds collected from appellants by the City under Ord. No. 50-1993. However, the trial court failed to address appellants' claims of conversion and unjust enrichment prior to appeal; therefore, this court is unable to conduct meaningful review on the issue of damages. These claims must first be considered by the trial court upon remand of this case.
We reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellants recover of appellee their costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and JAMES D. SWEENEY, J. CONCUR.
[1] On or about May 24, 1991, the City enacted Ord. No. 19-1991; that ordinance assessed a five hundred dollar ($500.00) "Park and Recreation Improvement Fee." Local builders challenged Ord. No. 19-1991 in The Building Industry Association ofCleveland and Suburban Counties v. City of Highland Heights, etal., Cuyahoga Common Pleas No. CV-216129. On or about December 14, 1993, the parties to that lawsuit entered into a settlement agreement.
[2] In the journal entry granting the City's summary judgment motion, the trial court stated:
 Upon consideration of [*] Highland Heights [sic] motion for summary judgment[,] the court finds that the requisite nexus exists between the amount of the fee and the cost associated with the burden; hence, Codified Ordinance § 1311.02.1 is a legitimate recreational impact fee. [*] motion for summary judgment is granted.
[*] [Editor's Note: This character is non-transferable.]
[3] We note that Ord. No. 50-1993 is not as "open-ended" as the ordinance challenged in Westlake. Fees collected pursuant to Ord. No. 50-1993 are segregated and deposited in the "Park and Recreation Improvement Fund." However, the simple act by the City of placing these taxes in a segregated fund does not magically transform the taxes into fees. Withrow, supra, at fn. 5. "We must examine the substance of the assessments and not merely their form." Id.